## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

**AMANDA PANCAKE,**
        **Plaintiff,**
**vs.**                                         **Civil Action No.:** 2:11-cv-0799

**THE CITY OF MONTGOMERY,**
**a West Virginia municipal corporation; and**
**CONRAD M. CARPENTER,, individually and in his**
**former capacity as a City of Montgomery Police**
**Officer,**

        **Defendants.**

### COMPLAINT

This complaint, brought pursuant to 42 U.S.C. Section 1983, 1985 & 1988, the Fourth and Fourteenth Amendments to the United States Constitution, the West Virginia Constitution, Statutes and common law, arises out of the Defendants' unlawful search of the plaintiff's residence on or about October 26, 2009 in the City of Montgomery, Fayette and Kanawha Counties, West Virginia, within the Southern District of West Virginia.

### JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1331 and 1343.

### PARTIES

1.      The Plaintiff at all times relevant to this Complaint was a resident of Fayette County, West Virginia, within the Southern District .

2.      Defendant Carpenter, at all times relevant to this complaint, was a police officer for the City of Montgomery Police Department acting under the color of law and within

the scope of his employment.  Said Defendant is sued in his individual and official capacities.

3.      Defendant City of Montgomery is a municipal corporation existing under the statutes and laws of the State of West Virginia and is a political subdivision of the State of West Virginia.

### FACTS

The Plaintiff incorporates by reference paragraphs 1-3, supra.

4.      On or about the 26th day of October 2009, defendant Carpenter, while on duty as a Montgomery police officer, pulled over a car in Montgomery on the pretext of a traffic violation. In an affidavit later used to obtain an illegal search warrant, Carpenter explained that he had been following this vehicle for some distance because an occupant of the car had come from inside the Plaintiff's residence, located at 151 6th Avenue in Montgomery, of which Carpenter claimed to be suspicious. According to the affidavit, the vehicle was stopped for a valid traffic violation. (The nature of the violation is not disclosed, nor was the driver cited). Based on that individual having been at the Plaintiff's home, Carpenter prepared an affidavit and request for a search warrant for Plaintiff's home and submitted the same to Montgomery Mayor and Municipal Judge James Higgins.  Said affidavit falsely alleged that the individual searched in the car had a small amount of marijuana in his possession, inter alia.  Despite having no legal authority to do so, Higgins granted the search warrant.

5.      The following day, Carpenter arrived at the Plaintiff's home and under the guise of the illegal search warrant, proceeded to search Plaintiff's residence and her belongings, allegedly finding marijuana in the residence, even though no marijuana

2

was in the residence, she was never shown the marijuana and the plaintiff does not smoke marijuana.

## STATE LAW CLAIMS
## COUNT I - -CONSTITUTIONAL TORT

6.      Plaintiff  hereby realleges and incorporate by reference each and every allegation made in paragraphs 1 through 5 of this **COMPLAINT**.

7.      Count I alleges a constitutional tort action under the West Virginia Constitution, pursuant to the common law of West Virginia.

8.      The actions of Defendant violated the constitutional rights guaranteed to plaintiff under Article III, Sections 6 of the West Virginia Constitution, which incorporates the constitutional rights guaranteed to Plaintiffs under the Fourth and Fourteenth Amendments to the United States Constitution, inter alia.

9.      The actions of Defendant Carpenter were done in bad faith, were done maliciously, and were in violation of clearly established law, or in a wanton or reckless manner.

10.     As a proximate result of Defendant's actions, plaintiff sustained mental and emotional damages, and suffered embarrassment, humiliation, annoyance, inconvenience, deprivation of liberty and suffered otherwise, and are entitled to recover damages for the same.

## COUNT II - - VICARIOUS LIABILITY

11.     Plaintiff incorporates herein by reference the allegations contained in Paragraph Nos. 1 through 10 of this complaint as if re-stated herein verbatim.

12.     Defendant City of Montgomery has the authority to formulate, implement, and
        administer the policies, customs, and practices of Defendant City of Montgomery,
        and the actions of Defendant City of Montgomery's agents and employees,
        hereinbefore designated as Defendant Carpenter, represent the official policy of
        Defendant City of Montgomery and/or subject the defendant City of Montgomery to
        vicarious liability based upon the employee relationship.  Moreover, the City of
        Montgomery and it's executive officers have shown a predisposition and disregard
        for the rights and privileges of it's citizenry and those unfortunate individuals who
        happen to traverse the city limits.

13.     As a proximate result of Defendant's actions as aforesaid, plaintiff sustained
        mental and emotional damages, and suffered embarrassment, humiliation, annoyance,
        inconvenience, deprivation of liberty and suffered otherwise, and are entitled to
        recover damages for the same.

                        **COUNT III - - NEGLIGENCE**

14.     Plaintiffs hereby realleges and incorporates by reference each and every allegation
        made in paragraphs 1 through 13 of this COMPLAINT, as if re-stated verbatim
        herein.

15.     Defendant City of Montgomery failed to exercise reasonable care in the hiring,
        retention, training, and/or supervision of their employee, defendant Carpenter..

        **COUNT IV - - OUTRAGEOUS CONDUCT/INTENTIONAL INFLICTION**

16.     Plaintiffs hereby realleges and incorporate by reference each and every
        allegation made in paragraphs 1 through 15 of this COMPLAINT, as if restated
        herein verbatim .

17.     The actions of individual defendant Carpenter as aforesaid were outrageous,
        constitute the intentional inflection of mental, physical and emotional distress, were

                                    4

reprehensible, fraudulent, wilful and wanton, malicious, and in blatant and intentional disregard of Plaintiff's rights, thereby justifying an award of punitive damages.

18.     As a proximate result of Defendant's actions as aforesaid, plaintiffs sustained mental and emotional damages, and suffered embarrassment, humiliation, annoyance, inconvenience, deprivation of liberty and suffered otherwise, and are entitled to recover damages for the same.

19.     All causes of action complained of herein against the municipal defendant seek only to recover to the extent said municipal defendants are covered by liability insurance and do not seek to recover taxpayer payments.

## FEDERAL LAW CLAIMS

### COUNT 1 - - ILLEGAL SEARCH COGNIZABLE UNDER 42 U.S.C. 1983

20.      The Plaintiffs incorporate herein by reference paragraphs 1-19 above.

21.     No objectively reasonable police officer would have believed, based upon the actual facts of the case, that the search warrant was valid and enforceable.

22.     Said defendant's actions were objectively unreasonable, unlawful, unwarranted, and in violation of the said Plaintiff's clearly-established procedural and substantive rights, of which a reasonable person should have known, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and its counterparts in the West Virginia Constitution.   Said Defendants' actions were willful, wanton, intentional, malicious and done with callous and reckless disregard for the Plaintiff's

constitutional rights.  The allegations in this paragraph are likely to have evidentiary

support after a reasonable opportunity for discovery.

### COUNT II - - MONELL AND SUPERVISORY LIABILITY COGNIZABLE UNDER 24 U.S.C. 1983

23.     The Plaintiff, by reference, incorporates paragraphs 1-22 above.

24.     The above-described deprivation of Plaintiff's constitutional rights were caused by implementation of customs, policies or official acts of Defendant City of Montgomery to wit: the failure of said Defendants to adequately hire, train, supervise, and discipline its police officers regarding the circumstances which constitute probable cause for a search and obtaining a search warrant.

25.     Said policy, practice or custom was the direct and proximate cause of the injuries and Constitutional violations which the Plaintiff suffered.

### COUNT III - - ARBITRARY AND UNREASONABLE STATE CONDUCT PURSUANT TO THE FOURTEENTH AMENDMENT COGNIZABLE UNDER 42 U.S.C. SECTION 1983

26.     The Plaintiffs by reference incorporates paragraphs 1-25 above.

27.     Defendants unlawfully searched the Plaintiff's home, cited and prosecuted the Plaintiff.  Said actions were wholly arbitrary, unreasonable and malicious thus constituting a violation of the Plaintiff's clearly established substantive and procedural due process rights protected by the Fourteenth Amendment.

28.     Damages sought herein against Defendant City of Montgomery and Defendant Carpenter in his individual capacity are sought only to the extent of liability coverage by insurance.

## PRAYER

WHEREFORE, based on the above stated facts, the Plaintiff respectfully requests that this Honorable Court award:

1.      Damages against Defendants in an amount to be determined at trial which will fairly and reasonably compensate the Plaintiff for:

a.      Past, present and future economic damages;
b.      Past, present and future pain and suffering;
c.      Loss of enjoyment of life;
d.      Annoyance aggravation and inconvenience;
e.      Psychological, emotional distress; and
f.      Any other compensatory damages to be proven at trial;
g.      Punitive damages against the individual defendants in an amount to be determined at trial;
h.      Reasonable attorney fees and costs;
I.      Any other relief that this Court deems just and equitable;
j.      All other damages provided by law;
k.      Injunctive relief requiring appropriate training, supervision and discipline in order to remedy all constitutional deprivations which the Plaintiffs suffered; and
l.      Declaratory judgment relief establishing the Defendants' above-described conduct violate the Plaintiff's clearly established constitutional rights.

**JURY TRIAL DEMANDED**


                              **AMANDA PANCAKE**
                              by Counsel


   /s/Michael T. Clifford  (WVSB: 750)
723 Kanawha Boulevard East
Suite 1200 Union Building
Charleston, WV 25301
304-720-7662
304-720-7753fax

7

_____/s/Richelle K. Garlow (WVSB: 9662)_____
723 Kanawha Boulevard East
Suite 1200 Union Building
Charleston, WV 25301
304-720-7660
304-720-7753 fax
RichelleGarlow@frontier.com